COMMONWEALTH *vs.* MELVIN E. DAM.

No exception lies to the ruling of the presiding judge as to the order of introducing evidence at a trial.

At the trial of a complaint for keeping a tenement resorted to for prostitution and lewdness, it appeared that the defendant also kept, adjoining but not communicating with the tenement, a shop with a room leading out of it; that the shop was resorted to by women reputed to be prostitutes, and men whose conduct with them was unchaste; and that persons reputed to be unchaste went from the shop to the tenement. *Held*, that an admission of the defendant that the room leading from the shop was let by him for prostitution was admissible in evidence.

COMPLAINT, in Middlesex, under the Gen. Sts. *c.* 87, §§ 6, 7, for maintaining a nuisance by keeping a tenement resorted to for prostitution and lewdness, in Lowell.

At the trial in the superior court, before *Brigham*, C. J., on appeal from the police court of Lowell, the Commonwealth introduced evidence tending to show that the defendant kept a shop with a room leading out of it, and also kept a tenement of four rooms adjoining the shop but not directly communicating with it, which was used by him as a residence for his family, and was the tenement mentioned in the indictment; that the shop was visited by persons reputed to be prostitutes, and by men whose conversa-

tion and conduct with them was indecent and unchaste; and that persons who were not inmates of the defendant's family and were reputed to be unchaste went from the shop to the said tenement.

After the defendant had put in his evidence, the Commonwealth offered proof of an admission of the defendant that the room contiguous to the shop was let by him for prostitution. The defendant objected to the admission of the testimony, on the ground that it was not relevant, and that, even if relevant, it ought not to be admitted at that stage of the trial; but the judge admitted it.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*A. R. Brown & E. A. Alger*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. The ruling of the judge as to the order in which this evidence was introduced, being within his discretion, was not subject to exceptions. *Commonwealth* v. *Moulton*, 4 Gray, 39.

The evidence was relevant; for both the conduct of the lewd persons who met at the shop, and the admission of the defendant, tended to show that they went from the shop to the tenement for the purpose of making it a nuisance in the manner alleged in the indictment. *Exceptions overruled.*