*F. A. Gaskill,* (*T. B. Dunn* with him,) for the plaintiff.
*F. P. Goulding,* for the defendant.

---

JOSEPH COZZENS *vs.* STEPHEN A. HOLT & another.

Worcester. Oct. 5, 1883. — Jan. 29, 1884. FIELD & W. ALLEN, JJ., absent.

If facts are known to a creditor, which give him reasonable cause to believe his debtor to be insolvent, and he also knows that the debtor knows the same facts, he has reasonable cause to believe that the debtor believes himself to be insolvent, and that a payment of the debt by him is made in fraud of the laws relating to insolvency.

If a debtor is insolvent before making payment of his debt, and there is no evidence of a subsequent change in his financial condition, a jury will be warranted in finding that he was insolvent at the time of the payment.

HOLMES, J. This is an action under the Gen. Sts. *c.* 118, § 89, (Pub. Sts. *c.* 157, § 96,) by the assignee in insolvency of Daniel W. Martin, to recover moneys paid by Martin to the defendants.

Martin, being insolvent, within six months of the filing of the petition by him, made a payment to the defendants, creditors of his, with a view, as the jury must have found, to give a preference to them. The jury must also have found that the defendants then had reasonable cause to believe Martin insolvent. The jury were instructed that, if they found the foregoing facts, they would be warranted in finding, without further evidence, that the defendants had reasonable cause to believe that the payment was made in fraud of the laws relating to insolvency; the presiding judge saying that he did not think the clause

making this last a requisite added materially to the preceding provisions. This ruling is excepted to, as is also the refusal to give an instruction of opposite tenor.

As applied to the evidence in this case, the ruling was correct, and the observation of the presiding judge was quite true.

The defendants were unsecured creditors. There were no circumstances which would give Martin a right to tender the amount of his debt, or such that the defendants ought to receive it irrespective of insolvency, such as are supposed in the commissioners' note to the Gen. Sts. c. 118, § 89. If Martin was insolvent, and had sufficient ground to believe that he was so, his payment deprived him of his discharge, by the express provisions of the Gen. Sts. c. 118, § 87 ; it was, therefore, by force of that section, a fraud upon the laws relating to insolvency, so far as he was concerned, whether the defendants knew it or not, and whether or not the assignee could recover the sums paid, under § 89. Furthermore, if the defendants not only knew facts which gave them sufficient cause to believe that Martin was insolvent, but also knew that Martin knew the same facts, they had cause to believe that the payment was made by Martin in fraud of the laws relating to insolvency, and then the assignee could recover the sums paid.

The jury have found that, so far as Martin was concerned, his payment was such a fraud. And it appears from the bill of exceptions, that all that the defendants knew about Martin's insolvency, and which the jury have found gave them reasonable cause to believe him insolvent, they knew was known to Martin also. For all that the defendants knew is set forth in the bill of exceptions, and it was all told them by Martin, except that one Daniels would no longer take all his goods, a matter about which they at once wrote to Martin. It follows that the defendants had reasonable cause to believe that Martin was in such a position that a payment by him would be made in fraud of the insolvent laws.

It is enough to say that the ruling and observation of the court which have been stated were right upon the evidence, and we need not consider whether it would have made any difference if the defendants had offered evidence that they had independent reasons to believe, although erroneously, that their debtor

thought himself solvent, or that he did not intend to pay in fraud of the insolvent law. We do not mean to intimate that it would have done so.

The instruction to the jury, that if they found that, before making the payment, Martin was insolvent, and if there was no evidence of a subsequent change in his financial condition, they would be warranted in finding that he was insolvent at the time of the payment, was not a ruling as to the burden of proof, as it is treated in the plaintiff's argument, and was right. The evidence tending to show insolvency went back but a short time before the payment. *Exceptions overruled.*

*S. J. Elder,* for the defendants.
*H. Mayo,* for the plaintiff.