CHARLES DUMANGUE *vs.* ANASTASIA DANIELS.

Worcester.    September 28, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Fraudulent Conveyance — Evidence.*

On a writ of ·entry, brought under the Pub. Sts. c. 172, § 49, to recover a parcel of land as standing fraudulently in the tenant's name, it appeared that the demandant sustained personal injuries while in the employ of the tenant's husband, and twelve days later the husband conveyed the demanded premises to her, and that afterwards the premises were duly sold and conveyed to the demandant upon an execution issued on a judgment recovered by him against the husband. The demandant was then permitted to introduce evidence that, before the conveyance to the tenant, the husband, after being asked to pay the

demandant the wages due him, was told that the demandant intended to hold him liable for the accident, and therefore declined to give him a receipt in full of all demands. *Held,* that the evidence was competent as bearing upon the alleged fraudulent intent of the husband.

The demandant also introduced evidence that a short time before the verdict in the original action, and after the verdict, and again at the time of the levy, his attorney made a search for real and personal property belonging to the husband without finding any. *Held,* that it could not be said that the evidence was improperly admitted.

WRIT OF ENTRY, dated November 17, 1890, brought under the Pub. Sts. c. 172, § 49, to recover two parcels of land in Worcester, as standing fraudulently in the name of the tenant. At the trial in the Superior Court, before *Aldrich,* J., it appeared in evidence that the demandant sustained personal injuries by the fall of a derrick on December 7, 1888, while in the employ of Thomas Daniels, the tenant's husband; that on December 19, 1888, Thomas Daniels conveyed the premises in question through a third person to the tenant, the consideration recited being "one dollar and other good and valuable considerations"; that on March 26, 1889, the demandant began an action of tort against Thomas Daniels, attaching all the real estate standing in his name, and recovered a verdict against him for $5,000, on April 12, 1890; that on the day last named the demanded premises were attached upon a special precept as standing fraudulently in the name of the tenant; and that on May 7, 1890, an execution, duly issued on the judgment entered for the demandant, was duly levied on these premises, and they were then sold to the demandant for $1,500, and duly conveyed to him by the officer, the execution being returned unsatisfied for $3,623.47.

One La Motte was allowed, against the tenant's objection, to testify that, a week or a week and a half after the accident to the demandant, he went to Thomas Daniels to collect wages claimed to be due the demandant; that Daniels told him he would pay if the demandant would give him a receipt in full of all demands; and that, after seeing the demandant, he returned to Daniels the next day, and told him that the demandant declined to give such a receipt, as he intended to hold him liable for the accident; and the tenant excepted.

Charles M. Rice, one of the demandant's attorneys, was also

allowed, against the tenant's objection, to testify that he made search " probably not more than a month or two before " the verdict in the original action, and again after the verdict in that action, and again about the time of the levy, for real and personal property of Thomas Daniels, but could not find any; and the tenant excepted.

The jury returned a verdict for the demandant; and the tenant alleged exceptions.

*F. P. Goulding*, for the tenant.

*C. M. Rice*, ( *W. W. Rice* with him,) for the demandant.

ALLEN, J. The only questions argued relate to the admission of evidence.

1. The testimony of La Motte was competent. The demandant's claim against Thomas Daniels arose out of an accident to the demandant, which occurred December 7, 1888. Twelve days afterwards Daniels made to his wife, through a third person, the conveyances which are sought to be avoided as being in fraud of the demandant's rights. La Motte's testimony was, that a week or a week and a half after the accident he sought to collect from Daniels the sum due to the demandant for wages, and that on the following day he told Daniels that the demandant intended to hold him liable for the accident, and therefore declined to give him a receipt in full of all demands. Taking it at the longest, that statement to Daniels that the demandant intended to hold him liable for the accident must, according to the testimony, have preceded the conveyances; and it was clearly competent, as bearing upon the alleged fraudulent intent of Daniels.

2. We cannot say that there was any error in law in admitting the testimony of Mr. Rice. The fact that Daniels had no other property at the time of making the conveyances, if it could be proved, would obviously be of some significance. *Bristol County Savings Bank* v. *Keavy*, 128 Mass. 298, 303. Evidence that at some previous time he had no other property would clearly be competent, if there was nothing to show a change in this respect. *Cozzens* v. *Holt*, 136 Mass. 237. But his condition as to property at a subsequent time would also have some tendency to show his condition at the time of the conveyances, provided it was not too remote. Where the mental condition of a testator at the time of making his will is to be determined, we

have recently held that acts and declarations several months afterwards might be put in evidence, under special circumstances. See *Lane* v. *Moore*, 151 Mass. 87, and cases there cited. Similar reasons apply to the question of one's pecuniary condition. It is for the presiding judge to determine, in the first instance, whether the circumstances and the length of time are such as to render the evidence of no value, and very much is necessarily and properly left to his discretion. *Commonwealth* v. *Pomeroy*, 117 Mass. 143, 148. *Lane* v. *Moore, ubi supra.* In the present case, it is true, the time when Mr. Rice made his search for property may have been from fifteen to seventeen months after the date of the conveyances, but it also appeared that the demandant had sued Daniels by a writ dated March 26, 1889, which was about three months after the conveyances, and an attachment of real estate was returned, which would certainly have a tendency to keep things *in statu quo* as to real estate at least. Moreover, the officer's return on the execution in favor of the plaintiff was in the case, and it showed a levy on no property except the demanded premises, and the execution was returned unsatisfied for $3,623.47. From this, in the absence of any explanation, it might reasonably be inferred that Daniels had made no conveyance of real estate since the attachment was returned upon the original writ. With this evidence that the condition of things had not changed since a time so near the date of the conveyances, it certainly was within the discretion of the presiding judge to admit the testimony of Mr. Rice. *Commonwealth* v. *Drew*, 153 Mass. 588.

This mode of proving that a person had no visible property at a particular time has been held proper in *Clark* v. *Chamberlain*, 13 Allen, 257, 261.

*Exceptions overruled.*