OSBORN HOWES, JR. & another, executors, *vs.* C. FLORENCE COLBURN & another.

Norfolk.    December 6, 1895. — February 29, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Will — Sanity of Testator — Examination of Witnesses — Exception — Discretion of Judge — Expert Witness — Evidence.*

While, at the trial of the issue of a testator's sanity, it is necessary for the executors to call all the attesting witnesses, if they are accessible, there is no rule of law which requires them all to be examined at the outset, and the order in which they shall be called is a matter within the discretion of the presiding justice; and if it appears that two days after the first attesting witness had been called, and while the executors were engaged in putting in their case in chief, the contestants objected to their proceeding further until they should call the other attesting witnesses or account for their absence, which objection was overruled, and that the executors agreed that the contestants should have the same benefit of this objection, which was taken on the third day of the trial, that they would have had if they had made it at the conclusion of the testimony of the first attesting witness, the counsel for the contestants cannot argue that he now has an exception to the reading of the will to the jury at the time it was read, which he contends was after the testimony of only one attesting witness, although the will was actually read without exception or objection.

At the trial of the issue of a testator's sanity, it is within the discretion of the judge to fix the limits of time before and after the making of the will within which evidence tending to show specific acts of unsoundness of mind on the part of the testator should be confined, and to exclude testimony outside of those limits.

At the trial of the issue of a testator's sanity, after a long hypothetical question has been put to an expert witness in direct examination and he has answered it, it is proper in cross-examination to bring out clearly to the jury that the answer rested simply on a one-sided statement of assumed facts, and that no facts which

might have been proved to the satisfaction of the jury or the other side were or could have been taken into account by the witness.

An exception to the exclusion of evidence to contradict a witness will not be sustained, if, at the stage of the case when the evidence is excluded, the matter is entirely within the discretion of the judge.

APPEAL, by the executors of the will of Joseph Colburn, from a decree of the Probate Court disallowing the will. At the trial, before *Morton, J.*, the only issue submitted to the jury was as follows: "Was Joseph Colburn, at the time of the execution of the instrument propounded as his last will, of sound and disposing mind?" The jury answered the issue in the affirmative; and the appellees alleged exceptions. The facts appear in the opinion, and in a note to the opinion added by the reporter.

*G. W. Anderson*, for the appellees.

*C. R. Clapp*, for the appellants.

ALLEN, J. 1. It was necessary, according to our practice, for the executors to call all the attesting witnesses, they being accessible. *Chase* v. *Lincoln*, 3 Mass. 236. *Sears* v. *Dillingham*, 12 Mass. 358, 362. But there is no rule of law which requires them all to be examined at the outset. The order in which witnesses shall be called is a matter of discretion with the court. *Cushing* v. *Billings*, 2 Cush. 158. *Commonwealth* v. *Moulton*, 4 Gray, 39. *Liverpool Wharf* v. *Prescott*, 4 Allen, 22. *Commonwealth* v. *Dam*, 107 Mass. 210. All of the attesting witnesses were called by the executors before closing their case in chief.

The contestants say in their brief that the executors were allowed to read the will to the jury after the testimony of only one attesting witness. No such fact appears in the bill of exceptions. If it were true, no objection to this course was then pressed. The other two witnesses were then engaged in court elsewhere, and it was understood that they would be called afterwards. If under these circumstances the will was read to the jury without objection, and the trial proceeded, the subsequent introduction of the other two attesting witnesses gave to the contestants all that they were entitled to have. The bill of exceptions states that, two days after the first attesting witness had been called, and while the executors were engaged in putting in their case in chief, the contestants objected to their

proceeding further until they should call the other attesting witnesses, or account for their absence. This objection was properly overruled.

The bill of exceptions states that the executors agreed that the contestants should have the same benefit of this objection, which was taken on the third day of the trial, that they would have had if they had made it at the conclusion of the testimony of the first attesting witness. The counsel for the contestants argues from this that he now has an exception to the reading of the will to the jury at the time it was read, although it was actually read without exception or objection. We can give no such effect to such an agreement of counsel.

2. The court limited the introduction of evidence tending to show specific acts of unsoundness of mind on the part of the testator to a period from about eight years before the date of the will to about two and a half years after its date. This was within the power of the court to do, and its power in this respect was not taken away by the fact that expert witnesses for the contestants thought a better judgment as to the testator's soundness of mind could be formed if these limits were extended. It has been declared heretofore that such testimony must be sufficiently near in point of time to aid in determining the testator's condition at the time of making the will, and that this is a matter for the court to decide. *White* v. *Graves*, 107 Mass. 325. *Shailer* v. *Bumstead*, 99 Mass. 112, 130. *Commonwealth* v. *Pomeroy*, 117 Mass. 143, 148. *Lane* v. *Moore*, 151 Mass. 87, 90. *Dumangue* v. *Daniels*, 154 Mass. 483, 486. In the present case, the trial was a long one, the period fixed appears to have been sufficiently liberal, and but for the limitation put upon the introduction of evidence the trial might have consumed an unreasonable length of time. No exception can be sustained to the exclusion of the testimony relating to times outside of the limits so fixed.

3. It was within the discretion of the court to allow the questions put in cross-examination of the expert witness called by the contestants. A long hypothetical question had been put to him, in direct examination, and he had answered it. Such an answer relates to the question which had been put, and assumes the correctness of all the facts therein enumerated. If

any facts are, in the opinion of the jury, not sustained by the evidence, or are too strongly stated, or if any material facts are omitted, the answer of the witness loses force and value, and may perhaps be of no weight at all. This certainly is a practical objection to this form of question; but when such a question has been put, and answered in favor of the party calling the witness, it is quite proper in cross-examination to bring out clearly to the jury that the answer rested simply on a one-sided statement of assumed facts; and that no facts which might have been proved to the satisfaction of the jury on the other side were or could have been taken into account by the witness. It might be wiser to exclude such questions altogether, when they are very complicated or involve much detail.

4. The only remaining question arises on the exclusion of the testimony of the witness Greenhood, offered for the purpose of affecting the credibility or impairing the weight of the testimony of the executor's witness, Colburn. If this offered testimony was admissible at all, which we do not decide, the proper time to put it in was when the contestants were putting in their case in chief. It was not necessary to ask Colburn first whether he had ever made such a statement to Greenhood. The question put in cross-examination to Colburn, when he was called in rebuttal, was properly excluded at the outset. It came too late. But rather than have an exception saved to its exclusion, the executors, having some reason also to think his answer would not be unfavorable, withdrew their objection. The contestants accordingly put the question, and got an answer. This did not make it necessary for the court to prolong the case by admitting evidence to meet and contradict his answer. The exclusion of any further testimony on that subject at that stage of the trial was within the discretion of the judge.* *Eames* v. *Whittaker*, 123 Mass. 342. *Strong* v. *Connell*, 115 Mass. 575. *Macullar* v. *Wall*, 6 Gray, 507.                    *Exceptions overruled.*

---

* Colburn testified that he had seen the testator frequently, and talked with him about some of the legatees in the will; and that down through 1889 he never saw anything in him that showed a lack of sense, or coherence, or memory, and that he never saw any exhibition of high temper on his part. He also testified to other things tending to show soundness of mind on the part of the testator. After the appellees had put in their

testimony, a part·of which was the deposition of one Carberry, Colburn was recalled by the appellants in contradiction of Carberry, and denied that he ever went over to the testator's to quell any disturbance, or settle any dispute, as deposed by Carberry.  On cross-examination the witness was asked whether he had not stated to one Greenhood that the testator was crazy and had been so for ten years.  The question was objected to by the appellants, and the appellees stated, in answer to an inquiry by the judge, why the question had not been asked when the witness was on the stand before, that the fact did not come to their knowledge till after the close of the appellants' case.  The judge ruled that, if the objection was insisted upon, he should exclude the question at that stage of the case.  The objection was insisted upon, and the question was excluded, and the appellees excepted.   After the witness had left the stand, and the counsel for the appellants had overheard a remark made by him, they recalled him and stated that they waived their objection, and the following questions and answers were put to and given by the witness:

" *Q.* Whether or not you have ever said to Mr. Greenhood that Joseph Colburn had been crazy for ten years or thereabouts ? *A.* I never remember of making any such statement.

" *Q.* Nothing of the kind ? *A.* Nothing of the kind."

The appellees then recalled Greenhood and asked him the following question:

" *Q.* At some time about the year 1890 or 1891, when you had some conference with Mr. Howard Colburn in relation to Joseph Colburn, did he say to you substantially this, — that for ten years, or many years, Joseph Colburn had been off or crazy? "

On objection by the appellants, the judge excluded the question; and the appellees excepted.