WILLIAM T. BARKER *vs.* LAWRENCE MANUFACTURING
COMPANY.

Middlesex.   March 21, 22, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Personal Injuries — Evidence — Witness — View by Jury — Exceptions —
Assumption of Risk — Negligence — Due Care.*

A written paper signed before the time of the trial by a person called as a witness
and under cross-examination may be put in evidence to show that he had made
statements different from his testimony.

In an action for personal injuries occasioned to the plaintiff by falling through a
hole in the floor of the room in which he was employed, evidence tending to show
that the plaintiff had said, soon after the accident, that he knew that the hole
was there, he having testified that he did not know that the floor was taken up
at that place, is admissible both as a contradiction and as an admission of his
knowledge of the existence of the opening, that knowledge being itself material
upon the question whether he was careful or negligent.

It is proper to allow evidence to show, if such a matter is in dispute, how far, if at
all, the conditions due to temporary causes at the time of the view by the jury
differed from those which existed at the time of the accident.

At the trial of an action for personal injuries a witness for the defendant, who for
some years had been in charge of the room in which the accident occurred, was
allowed to testify as to whether there would have been steam enough in the
room at the time of the accident to obstruct the view of a man of ordinary eye-
sight. The witness was in the room shortly before and shortly after the acci-
dent, but not when it occurred. The bill of exceptions did not disclose enough
to show that the matter was not one upon which the opinion of a qualified expert
was admissible, nor make it clear that the witness was not so qualified. *Held*,
that upon both these matters much must be left to the judge who controls the
trial.

If no exception to the course of the presiding judge with respect to a plan is shown
by the bill of exceptions to have been taken, and before the plan was allowed to
go to the jury it was sworn to by the engineer who made it, no error in dealing
with the plan is shown.

A person cannot be allowed to make a contention in this court which the bill of
exceptions does not show that he made at the trial.

If, in an action for personal injuries occasioned to the plaintiff by falling through a
hole in the floor of the room in which he was employed, the substance of the
instruction given as to the assumption of the risk is that if the plaintiff knew
that the hole was there, or would have known of it in the exercise of proper care
with reference to what was going on there so far as he knew it, he could not
recover, and that if he did not know of the opening and would not have known
of it in the exercise of proper care, the jury must inquire whether the injury was
due solely to some neglect of duty on the defendant's part, the plaintiff has no
ground of complaint.

TORT, for personal injuries. The declaration was at common law. At the trial in the Superior Court, before *Bond*, J., there was evidence on the part of the plaintiff tending to show that on the day he was injured he was at work about eight o'clock in the morning upon a machine called a soaping machine, leaning forward, and reaching for a bolt used in opening the machine; that the floor on which he stood was wet and slippery; that his foot slipped and he fell into an opening about twenty feet long and several feet wide caused by the taking up of the floor; that he was not informed by any one that the floor was to be taken up, or that it was taken up at the place where he fell; that he did not know that it was taken up at that place; and that the light was such at the place where he was at work, and the steam was so dense, caused by drawing off under the floor the hot water from the soaping machine, that he could not see that the floor was up. There was no fence or guard rail at the opening.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions as to the admission of evidence, which appear in the opinion.

*J. F. Manning*, for the plaintiff.

*G. F. Richardson*, for the defendant, submitted the case on a brief.

BARKER, J. There were five exceptions to the introduction of evidence. The first was to a ruling that a written paper signed before the time of the trial by a person called as a witness by the plaintiff, and under cross-examination, might be put in evidence to show that the witness had made statements different from his testimony. The third and fourth were to the admission of evidence tending to show that the plaintiff had said, soon after the accident, that he knew that the hole into which he fell was there, he having testified that he did not know that the floor was taken up at that place. In each instance the evidence was competent as a contradiction of evidence put in by the plaintiff. Irrespective of any contradiction the evidence of the plaintiff's own statements was competent as his admission of his knowledge of the existence of the opening into which he fell, that knowledge being itself material upon the question whether he was careful or negligent. The fifth exception was to evidence that there was no more steam in the room at the time of the ac-

cident than when the view was taken by the jury. It is proper to allow evidence to show, if such a matter is in dispute, how far if at all the conditions due to temporary causes at the time of a view differed from those which existed at the time of the accident; otherwise the view might be misleading. Besides this the evidence was competent to show how much steam was in the room at the time of the accident.

The second exception is to the evidence of the defendant's witness, who had been in charge of the room for some years, as to whether there would have been steam enough in the room at the time of the accident to obstruct the view of a man of ordinary eyesight. The witness was in the room shortly before and shortly after the accident, but not when it occurred. The bill of exceptions does not disclose enough to show that the matter was not one upon which the opinion of a qualified expert was admissible, nor make it clear that the witness was not so qualified. Upon both these matters much must be left to the judge who controls the trial.

There was objection on the part of the plaintiff to the use of a plan by the defendant. No exception to the course of the presiding judge with respect to the plan is shown by the bill to have been taken. Before the plan was allowed to go to the jury it was sworn to by the engineer who made it. If an exception was taken, no error in dealing with the plan is shown.

Before the arguments the plaintiff submitted requests for instructions to be given to the jury, and they were refused. The bill does not state that any exception was taken to this refusal. The whole charge is stated in the bill; but the only exception taken to the charge was at its close, when the plaintiff's counsel excepted to that portion of it relating to the assumption of risk by the plaintiff, claiming that the hole not being in the floor when the plaintiff went to work he did not assume the risk of it.

Notwithstanding the fact that the only exception in connection with the charge was to that part of it which dealt with the question of the plaintiff's assumption of the risk, the plaintiff now contends that his requests for instructions should have been given, and that the charge was incorrect upon the subject of due care and of contributory negligence. No citation of authorities

is needed to show that he cannot be allowed to make a contention now which the bill does not show that he made at the trial.

The substance of the instruction given as to the assumption of the risk was that if the plaintiff knew that the hole was there, or would have known of the opening in the exercise of proper care with reference to what was going on there so far as he knew it, he could not recover; and that if he did not know of the opening, and would not have known of it in the exercise of proper care, the jury must inquire whether the injury was due solely to some neglect of duty on the defendant's part. Whether the case properly is to be described in terms of the plaintiff's negligence, or of assumption of the risk, the plaintiff was not injured by the instructions. See *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554, 556, and cases cited; *Whelton* v. *West End Street Railway*, 172 Mass. 555; *Barnard* v. *Schrafft*, 168 Mass. 211. *Exceptions overruled.*