L. P. BURNS, EXECUTOR, ET AL. v. CARSON BURNS.

(Filed 1 May, 1918.)

1. **Deeds and Conveyances—Mental Incapacity—Evidence—Court's Discretion—Appeal and Error.**

    Mental incapacity of a grantor to avoid his deed must exist at the time of its execution and may be shown by evidence thereof before and after that time, the question of remoteness of the time ordinarily being addressed to the discretion of the trial judge, which will not be disturbed on appeal when not abused.

2. **Same—Mental Disease—Senile Dementia.**

    Evidence of the mental incapacity of a grantor to make a deed, that such existed before and after its execution, is especially admissible when there is evidence that it existed as a result of disease or the gradual decay of the mental faculties attending old age.

3. **Appeal and Error—Record—Instructions—Presumptions.**

    The charge of the trial judge neither set out in the record nor excepted to is presumed to be correct on appeal.

4. **Issues—Deeds and Conveyances—Mental Incapacity.**

    An issue which sets out the date of the deed with inquiry as to the grantor's sufficient mental capacity to execute the deed of that date, is sufficient in form and definiteness as to the time of such capacity, to sustain a judgment in plaintiff's favor.

CIVIL ACTION, tried before *Harding, J.,* at August Term, 1917, of GUILFORD, upon these issues:

1. Did Z. A. Burns, on 30 September, 1914, have sufficient mental capacity to execute the deed of that date which is in controversy in this action? Answer: "No."

BURNS *v.* BURNS.

2. Did Z. A. Burns on 28 October, 1914, have sufficient mental capacity to execute the deed of that date, which is in controversy in this action? Answer: "No."

From the judgment rendered defendants appealed.

*W. P. Bynum, R. C. Strudwick, and W. P. Ragan for plaintiffs.*
*Wilson & Ferguson and Robertson, Barnhardt & Smith for defendants.*

BROWN, J.  Plaintiffs, children of Zimri Burns, seek to set aside two deeds executed by him to the defendants, who are also his children. The findings of the jury eliminate the ground of undue influence and the five assignments of error are confined to the issues relating to mental capacity. These are all directed to the rulings of the judge in receiving evidence of the condition of the grantor's mind before and after the date of the deeds and at periods of time alleged to be too remote.

The plaintiffs' evidence tends to prove that at date of execution of the deeds the grantor was some seventy-eight years old, that his second wife died in July, 1914, about three months before their execution; that his mental powers had begun to fail before this event and grew rapidly worse afterwards, and that he had three paralytic strokes. The plaintiffs offered evidence tending to prove that his mental powers began to fail some time before the deeds were made and continued to grow feeble with increasing years until in August, 1916, he was adjudged a lunatic, and died in April, 1917.

It must be admitted that plaintiff has offered much evidence tending to prove that the grantor was really suffering with what is called senile dementia (a disease well known to be progressive in its character) before and at the time of the execution of the deeds and that it continued until his death.

The rule seems to be that where insanity or imbecility is claimed to exist as the result of disease or the gradual decay of mental faculties attending great age, evidence offered that the testator, before and after the execution of the instrument in question, had not sufficient capacity, is admissible. *Penny's Will,* 27 Minn., 280; Jones on Ev., sec. 482.

Although the maker's capacity is to be determined by his condition at the time he executed the instrument, evidence of mental condition before and after that date is generally admissible, depending largely upon the circumstances of each case. This is especially true in case of a progressive or permanent mental disease.  40 Cyc., 1028-1029 and notes.

The reason for this rule is well stated in *Dale's Appeal,* 57 Conn., 127:

"When the question is one of sanity or testamentary capacity at a given time, upon the presumption that the mind does not ordinarily pass suddenly and sharply from sanity or capacity into the opposite

condition, nor from the latter into sanity or capacity, but gradually and imperceptibly as day into night, the law permits the evidence to cover long spaces of time in either direction. Of course it weakens as time lengthens and in either direction at last ceases to be of any force. All this, however, is for the jury to determine under proper instructions from the court."

The authorities appear to be uniform in holding that where the issue is whether the instrument was obtained through undue influence or executed while the maker was mentally incompetent, the testimony necessarily is permitted to take a very wide range. The point of time to be looked to in determining the competency of the maker is the date when the instrument was executed, but the condition of his mind both before and after is proper to be considered in determining what his mental condition was when the instrument was executed. Jones on Ev., sec. 482; *Anderson v. Cramner,* 11 W. Va., 562; *Bannon v. Patrick,* 136 Ky., 571; *Sim v. Russell,* 90 Ia., 657; *Hamburger v. Rinkel,* 164 Mo., 407.

In this last case it is said: "Evidence of the condition of the mind of a testator before or after making a will is admitted, of course, for the sole purpose of shedding light upon his mental condition at the time of executing the will. And its probative force will be in proportion to its proximity in point of time to that date. This every sensible juror is capable of appreciating. It is difficult to say at what degree of remoteness such evidence should lose all probative value and become inadmissible. The trial court can generally best determine when the evidence is of a condition too remote to have any probative value."

It is also generally held that it is within the discretion of the trial court to determine the period of inquiry as to the mental condition of the testator and its ruling on this point will not be reversed unless it appears that the discretion is abused. *Dumangue v. Daniels,* 154 Mass., 483; *Howes v. Colburn,* 165 Mass., 385; *Hamburger v. Rinkel,* 164 Mo., 398.

The charge of the court is not in the record, as there was no exception to it. We assume, therefore, that he instructed the jury correctly as to the date when mental incapacity must exist in order to avoid the deed.

The form of the issue is such that the jury must have fully understood that to set aside the deeds the grantor's mind must have lacked the necessary capacity at the date they were executed.

In receiving evidence upon that issue, we fail to find any abuse of discretion upon the part of the judge and are of opinion he confined the evidence within very reasonable limits.

No error.