HENRY BLODGETT *vs.* SPRINGFIELD STREET RAILWAY
COMPANY.

WILLIAM BLODGETT *vs.* SAME.

Hampden.   November 7, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, In use of highway, Contributory. *Evidence*, Presumptions
and burden of proof, Competency. *Practice, Civil*, Conduct of trial:
finding by judge preliminary to admission of evidence.

At the trial of an action against a street railway company for personal
injuries suffered when an automobile of the plaintiff was run into by a
street car of the defendant, the plaintiff on the question of his due care
contended and introduced evidence to show that he came upon the de-
fendant's tracks from an intersecting street where his view was ob-
structed by bushes which were in such a position that travel from that
street was diverted around them; and a witness testified, without con-
tradiction, that he had been one of several men who within a week after
the accident had cut the bushes. Subject to an exception by the plain-
tiff, the defendant was permitted to introduce evidence that fifty-six
days after the accident there were wheel tracks in the roadway where
the bushes were supposed to have been.   The case was submitted to
the jury with suitable instructions as to the defendant's negligence and
due care of the plaintiff.   No special instructions were requested or
given with reference to the evidence admitted subject to the plaintiff's
exception and above described.   There was a verdict for the defendant.
*Held*, that
　(1) The evidence excepted to was improperly admitted;
　(2) The plaintiff was harmed although no special instructions were
requested or given with respect to such evidence, since, it being ad-
mitted, the jury had a right to regard it as legal and material.

TWO ACTIONS OF TORT described in the opinion.   Writs
dated November 11, 1924.

In the Superior Court, the actions were tried together
before *Broadhurst, J.*   Material evidence and exceptions by
the plaintiffs are described in the opinion.   There were ver-
dicts for the defendant.   The plaintiffs alleged exceptions,
the bill of exceptions stating that "the case [was] submitted
to the jury, on suitable instructions as to defendant's negli-
gence and due care on the part of the plaintiffs.   No special

instructions were requested or given with reference to the evidence to which the exceptions relate."

The case was submitted on briefs.

*R. J. Talbot,* for the plaintiffs.

*C. W. Bosworth,* for the defendant.

PIERCE, J.  The plaintiff in the first action seeks to recover damages of the defendant for injuries to his person and property, sustained by reason of a collision of an automobile, in which he and his son were riding, with a street car operated by the defendant.  The son, who is the plaintiff in the second action, seeks to recover for personal injuries. After a verdict for the defendant in each case, the plaintiffs come before this court on exceptions duly saved to the admission of certain evidence hereinafter described.

The facts pertinent to the exceptions saved are as follows: The accident happened on May 16, 1924, on Berkshire Street, between the village of Indian Orchard and the main business section of Springfield, opposite or nearly opposite Pemaquid Street.  The section is not thickly settled, there being but one house on Berkshire Street near the place of accident, and several houses on Pemaquid Street and on other streets intersecting Berkshire Street.  The last named street is a broad highway running east and west in a straight line, with double tracks in the center.  From the car track where the accident occurred there is nothing to obstruct the view for over 2,000 feet in each direction. ˙ The easterly line of Pemaquid Street is straight and, extended to the northerly boundary of Berkshire Street, makes a sharp point at that corner. The evidence for the plaintiff warranted a finding that at that corner there was brush that extended out into Pemaquid Street "quite well"; that the brush left it practically "blind until you struck almost into Berkshire Avenue," and that the course of travel from Pemaquid Street into Berkshire Street was thereby diverted from southeast to southwest; that one could see to the east while passing the brush 400 or 500 feet, and 500 or 600 feet from a point two feet beyond the line of the brush.  A witness testified the brush was cut within a week after the accident: "I was one of the men that helped cut that brush off, for safety's sake . . . the brush was more

than brush.   It was small trees, as big around as my arm;
birches; not white, black birch."

The plaintiffs came out of Pemaquid Street intending to
cross the double tracks and then swing to the left in the
direction of Indian Orchard.   Because the view was ob-
structed by the bushes they came out of Pemaquid Street
slowly, looked to the front, the right and then the left.
They "saw nothing" until they were within seven or eight
feet of the northerly rail, when for the first time they saw
a street car 600 or 800 feet away coming on that track toward
them at a speed estimated to have been thirty-five to forty
miles an hour.   They then attempted to drive over the car
track ahead of the oncoming car, thinking such to be the
wiser action in avoidance of a seemingly inevitable collision.
The effort failed with resulting harm and damage to each of
the plaintiffs.   Whether there was or was not a "blind corner"
at the point of the easterly intersection of the street lines
of Pemaquid Street and Berkshire Street was of substantial
importance in the consideration of the issues of due care of
the plaintiffs and negligence of the defendant.

To meet any possible contention that the due care of the
plaintiffs was to be ascertained in the light of the alleged fact
that their view was obstructed by the bushes, the defendant
offered and the judge received, subject to the exception of
the plaintiffs, evidence that on July 11, 1924, the triangle
where the bushes were supposed to have been at the inter-
section of the streets had upon it on that day numerous
wheel tracks in the then gravel and sand roadway.   The
contention of the plaintiffs was and is that the undisputed
evidence of the removal of the bushes and trees within a
week after the accident is sufficient proof that the locus was
not in the same condition in July as in May.   Putting that
to one side, they contend that the evidence of wheel tracks
and the absence of grass in a country roadway of gravel and
sand, observed fifty-six days after the time the place de-
scribed was shown by evidence of the plaintiffs to have been
covered by bushes, had no probative value in disproof of
evidence for the plaintiffs that the course of travel and the
presence of bushes on Pemaquid Street obstructed the view

of the plaintiffs in the direction of the colliding car. The evidence of a change in the travelled way after the accident inhibited the evidence of the condition of that way on the day of the accident in so far as that evidence was based merely on conditions which were admitted, or not denied, to have existed fifty-six days after the accident. *Tobin* v. *Brimfield,* 182 Mass. 117. *Droney* v. *Doherty,* 186 Mass. 205. *White Sewing Machine Co.* v. *Phenix Nerve Beverage Co.* 188 Mass. 407. *Ferron* v. *King,* 210 Mass. 75.

Applying the rule that presumptions of fact do not run backward, the judge was required to make a preliminary determination, upon all the pertinent evidence which is here reported, that the wheel tracks and the absence of grass in the street on July 11, 1924, would, if the evidence in relation thereto were believed, warrant the jury in finding that bushes and the angle of the travelled way did not in fact exist on May 16, 1924, or, if they did exist, did not obstruct the view of the plaintiffs. The evidence excepted to was submitted to the jury wrongly. After it had been admitted, against the objection of the plaintiffs' counsel, the jury had a right to regard it as legal and material, although no special instructions were requested or given with reference to the evidence to which the exceptions relate. *Brown* v. *Cummings,* 7 Allen, 507, 509.

*Exceptions sustained.*