MARION G. UNTERBERG *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    December 14, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Remote, Hospital récord.

At the trial of an action of tort against a street railway company for personal injuries alleged to have been sustained by the plaintiff while alighting from a street car of the defendant, a question asked of the plaintiff, what he noticed in making an examination, more than a year after his accident, of the step of a car of the defendant and the curb of the street at the scene of the accident, properly was excluded where it did not appear that the car he saw was of similar construction to the one involved in the accident, nor that the curb was in the same condition as it was at the time of the accident.

Records of a hospital concerning the plaintiff were produced at the trial above described by a clerk of the hospital who testified that he had nothing to do with the keeping of the records and did not know who made them, but that they were handed to him from the files of the hospital to be taken to court on a summons issued to the superintendent of the hospital. There was evidence that the hospital was a charitable institution. *Held,* that the records were admissible under G. L. c. 233, § 79, so far as they related to the treatment and medical history of the plaintiff.

TORT for personal injuries. Writ dated August 30, 1926.

In the Superior Court, the action was tried before *Keating,* J. Material evidence is stated in the opinion. The hospital records referred to in the opinion were produced at the trial by a clerk of the hospital who testified that he had nothing to do with the keeping of the records and did not know who made them, but that they were handed to him from the files of the hospital to be taken to court on a summons issued to the superintendent of the hospital. There

was a verdict for the defendant and the plaintiff alleged exceptions.

*J. F. Hurley*, for the plaintiff.

*S. P. Sears*, (*E. K. Nash* with him,) for the defendant.

CARROLL, J. The plaintiff alleged that, in alighting from one of the defendant's cars, she was injured by reason of the negligence of the defendant in suddenly starting the car. The jury found for the defendant. The case is before us on the plaintiff's exceptions to the exclusion and admission of certain evidence.

The plaintiff was injured March 3, 1925. At the trial she was asked if, on the night before the day of the trial, she had noticed whether the step of the defendant's car "as it came down . . . went out over the curb." On the objection of the defendant this evidence was excluded. The exclusion was proper. It was more than a year after the accident occurred when the plaintiff made the examination of the curb and the step of the car. It did not appear that the car she then saw was of similar construction to the one involved in the accident, nor was it shown that the curb referred to was in the same condition as it was at the time of the accident. *Blodgett* v. *Springfield Street Railway*, 261 Mass. 333. In addition to this, no offer of proof was made by the plaintiff, and it is not known what answer was expected to the question.

The plaintiff also excepted to the introduction of the hospital records of the Peter Bent Brigham Hospital. There was evidence that this hospital was a charitable institution. Under G. L. c. 233, § 79, the records kept by the Peter Bent Brigham Hospital were admissible in so far as they related to the treatment and medical history of the plaintiff. *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480. Without reciting in detail the contents of the hospital records, it cannot be said on this bill of exceptions that these records were immaterial.

*Exceptions overruled.*