# DECISIONS ·

OF THE

# SUPREME JUDICIAL COURT·

OF

# MASSACHUSETTS

---

BEACON TRUST COMPANY *vs.* JOSEPH G. WRIGHT, administrator.

Suffolk.    May 16, 17, 1934. — September 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Sheriff. Attachment. Damages*, For tort. *Evidence*, Presumptions and burden of proof, Competency. *Bankruptcy. Practice, Civil*, Death of party. *Judgment*, Nunc pro tunc.

In an action against a sheriff for failure by his deputy to perfect an attachment in a previous action brought by the plaintiff, only nominal damages can be recovered if on all the evidence no real damage to the plaintiff appears to have resulted from such failure.

At the hearing of an action of the character above described, there was evidence that the plaintiff in 1925 commenced an action against a corporation and directed a deputy sheriff to make an attachment of the corporation's real estate, which had a value greater than the amount of the plaintiff's claim; that the deputy made the attachment, but failed to perfect it in the manner required by G. L. c. 223, §§ 63–66; that the corporation, on a voluntary petition, was adjudicated a bankrupt more than four months after the day on which the attachment was made; that on that day the corporation was insolvent; that certain other attachments were made by others within the four months previous to the adjudication; that in the bankruptcy proceedings the plaintiff's attachment was adjudged to be void as against the trustee in bankruptcy; and that the plaintiff was paid only a small part of his claim against the corporation. An attorney, who was counsel for several creditors of the corporation and who later

filed its petition in bankruptcy, testified that from about the time of the making of the plaintiff's attachment, he was continually watching for attachments of the corporation's property, that as soon as any attachments were made he consulted his clients and the corporation, and that the voluntary petition followed. The trial judge found that if the plaintiff's attachment had been perfected, the corporation would have filed its petition in bankruptcy in due season to vitiate the attachment under the bankruptcy act; and found for the plaintiff in the sum of $1. *Held*, that

    (1) The testimony of the attorney properly was admitted;

    (2) The findings by the judge were warranted.

Where it appeared that in May a corporation had failed to make payment of a claim to which there was no defence, and that it was insolvent in August, and there was nothing to show any change in its financial condition after May, a finding that it was insolvent in May was warranted.

Where the defendant in an action died after a finding for the plaintiff was made, this court, in overruling exceptions, *stated* that judgment might be entered *nunc pro tunc* as of the date of the finding.

CONTRACT OR TORT, originally against John R. Fairbairn and after his death defended by the administrator of his estate. Writ dated April 25, 1927.

The action was heard in the Superior Court by *Brown*, J., without a jury. Material agreed facts and evidence are stated in the opinion. The judge found for the plaintiff in the sum of $1. The plaintiff alleged exceptions.

*R. Clayton*, for the plaintiff.

*G. Alpert*, for the defendant.

LUMMUS, J. This is an action with one count in contract and another in tort (G. L. [Ter. Ed.] c. 231, § 7, Sixth), against a sheriff for the failure of his deputy to deposit a certified copy of the original writ, without the declaration, and so much of the return thereon as related to an attachment of land, in the registry of deeds for the Northern District of Middlesex, where the attached land lay, as provided by G. L. (Ter. Ed.) c. 223, §§ 63–66. The trial judge, sitting without a jury, found for the plaintiff, and assessed damages in the sum of $1. The plaintiff alleged exceptions.

There was evidence that Lyon Carpet Company, the defendant in the action in which the attachment was made on May 13, 1925, owned unencumbered real estate in

Lowell, then valued at $15,000 to $20,000, although it brought only $10,000 in March, 1927; that the claim of the plaintiff in that action was for $13,824.77, which was justly due; and that other creditors of Lyon Carpet Company made and perfected four attachments of its real estate upon claims amounting in all to $13,200, between August 8, 1925, and September 26, 1925, which, being less than four months old, would have been dissolved upon the adjudication of Lyon Carpet Company as a bankrupt on September 28, 1925, under § 67f of the bankruptcy act (30 U. S. Sts. at Large, 565), but for the fact that upon petition of the trustee in bankruptcy the right under those attachments was preserved for the benefit of the bankrupt estate. The attachment of the plaintiff was held to be void as against the trustee in bankruptcy. *In re Lyon Carpet Co.* 25 Fed. Rep. (2d) 509. The plaintiff has received only a small amount from the bankrupt estate.

The plaintiff contends that the neglect of the defendant's deputy cost the plaintiff the collection of its claim in full, since the plaintiff's attachment, if perfected on May 13, 1925, or within three days thereafter, would have been good against bankruptcy occurring on September 28, 1925, more than four months later, and the land when attached had a value exceeding the amount of the plaintiff's claim.

Presumptively, the amount of the judgment to which a plaintiff is entitled, or the value of the property attached if that be smaller, is the measure of the loss resulting from a wrongful failure to make or perfect an attachment. *Weld* v. *Bartlett,* 10 Mass. 470, 474. *Young* v. *Hosmer,* 11 Mass. 89, 90. *West* v. *Rice,* 9 Met. 564, 568. *Hobson* v. *Thelluson,* L. R. 2 Q. B. 642, 649. But that is only a presumption, and if on the whole evidence there is no real damage, only nominal damages can be recovered. *McKay* v. *Coolidge,* 218 Mass. 65, 67. *Slocum* v. *Riley,* 145 Mass. 370. *Stern* v. *Knowlton,* 184 Mass. 29. *Kalbritan* v. *Isidor,* 255 Mass. 494, 499. Compare *Hobson* v. *Thelluson,* L. R. 2 Q. B. 642, 651, denying even nominal damages in such a case.

It is true that in 1925 the failure to dissolve an attachment for four months was not an act of bankruptcy, and if

the defendant's deputy had perfected the attachment by depositing the certified copy in the registry of deeds no involuntary petition against Lyon Carpet Company could have been brought on that account. *Citizens Banking Co.* v. *Ravenna National Bank*, 234 U. S. 360. *Bonnin & Co.* v. *Vazquez*, 4 Fed. Rep. (2d) 103. Compare now Act of May 27, 1926, 44 U. S. Sts. at Large, 662, § 3; *Elkay Reflector Corp.* v. *Savory, Inc.* 57 Fed. Rep. (2d) 161. But an attorney at law who was counsel for a number of creditors of Lyon Carpet Company, and later brought a voluntary petition in bankruptcy in its behalf, testified that from a day early in May, 1925, he was continually watching the recorded real estate attachments for attachments upon the property of that company. As soon as any attachments were made, he consulted his clients and that company, and the voluntary petition followed. The trial judge found "that had the attachment of May 13, 1925, been perfected by a proper record, the Lyon Carpet Company would have filed a voluntary petition in bankruptcy in due season to vitiate the attachment under the bankruptcy act." This case is not governed by *Palmer Electric & Manuf. Co.* v. *Underwriters' Laboratories, Inc.* 284 Mass. 550, 556, 557. There the defendant permitted improper competition to the plaintiff's harm every day during the period in question, and then sought to escape the payment of the damages by speculating as to what would have happened had it forbidden the competition in the first place. In the present case, the wrongdoing of the defendant's deputy took place on May 13, 1925, and the damage depends upon the consequence of that wrongdoing, which involves the probable conduct of persons interested. The evidence of the attorney was properly admitted, and supported the finding. *Hobson* v. *Thelluson*, L. R. 2 Q. B. 642; 8 B. & S. 476.

But the plaintiff contends that even if a voluntary petition in bankruptcy had been brought within four months after May 13, 1925, the plaintiff's attachment, had the defendant's deputy properly perfected it, would not have been dissolved, because bankruptcy dissolves attachments less than four months old only when the debtor was insol-

vent at the time of the attachment (*Liberty National Bank of Roanoke* v. *Bear*, 265 U. S. 365; *S. C.* 276 U. S. 215), and here there was no sufficient evidence of such insolvency. The evidence of such insolvency relied on to support the finding was the admission of the plaintiff, filed in proceedings in the bankruptcy court, that Lyon Carpet Company was insolvent on August 5, 1925, nearly three months after the date, May 13, 1925, upon which its solvency or insolvency is now material. It has been held that an adjudication in bankruptcy is no evidence in a case like this of insolvency at any earlier date, but that is because (1) insolvency is not always a prerequisite of bankruptcy, and (2) a judgment *in rem* does not affect persons not actually participating in the litigation, as to the facts upon which the judgment is based. *Myers* v. *International Trust Co.* 263 U. S. 64, 73. *Liberty National Bank of Roanoke* v. *Bear*, 265 U. S. 365, 370. *J. S. & J. F. String, Inc.* v. *Birkhahn*, 30 Fed. Rep. (2d) 492, 494, 495.

In this case, it was not the adjudication in bankruptcy, but the fact of insolvency on August 5, 1925, that was offered and admitted as evidence of insolvency on May 13, 1925.

Sometimes it has been said that "presumptions," in the less technical sense of permissible though not compulsory inferences of fact, "do not run backwards." *Chandler* v. *Jamaica Pond Aqueduct Corp.* 122 Mass. 305, 307. *Ceresola* v. *Joseph F. Paul Co.* 224 Mass. 395, 398. *Blodgett* v. *Springfield Street Railway*, 261 Mass. 333, 336. However expressive that statement may be of a carefully restricted use of inference when it is contended that a state of affairs proved to exist at a later time probably existed at an earlier time, taken literally it is not a rule of law. Everyday experience in trials shows that proof of comparatively fixed conditions existing at the time of a past event is commonly made by means of measurements, photographs and views, taken afterwards. *Laplante* v. *Warren Cotton Mills*, 165 Mass. 487, 489. *Howes* v. *Colburn*, 165 Mass. 385, 387. *Barker* v. *Lawrence Manuf. Co.* 176 Mass. 203, 204, 205. *Smith* v. *Gammino*, 225 Mass. 285, 286. *True* v. *Field*,

269 Mass. 524, 530. *Cross* v. *Passumpsic Fibre Leather Co.* 90 Vt. 397, 407. *Johnson* v. *Charles William Palomba Co.* 114 Conn. 108, 113, 114. Wigmore, Evidence (2d ed.) § 437. The admissibility and sufficiency of evidence of insolvency on August 5, 1925, to prove insolvency on May 13, 1925, cannot be determined by any formula. The answer depends upon rational probabilities in the light of human experience. Nothing in the record suggests any change in financial status after the earlier date. On that date Lyon Carpet Company had failed to pay the plaintiff's note, to which no possible defence has been suggested. Coupled with these facts, we think the evidence was sufficient to warrant the finding of insolvency on May 13, 1925. *Dumangue* v. *Daniels*, 154 Mass. 483. *West* v. *Rice*, 9 Met. 564, 565, 569. *Sweetser* v. *Bates*, 117 Mass. 466.

No error appears. It is now suggested that since the finding in the Superior Court the defendant has died. Any difficulty on this account may be obviated by entering judgment *nunc pro tunc* as of the date of the finding. *Kelley* v. *Riley*, 106 Mass. 339. *Reid* v. *Holmes*, 127 Mass. 326. *Perkins* v. *Perkins*, 225 Mass. 392, 396. *De Marco* v. *Pease*, 253 Mass. 499, 505.

*Exceptions overruled.*