RUTH SNOW *et al.*, Plaintiffs in Error, *v.* SIMEON BENTON *et al.*, Defendants in Error.

### ERROR TO KANE.

It cannot be presumed against proof that a person was insane, merely because his mother had been so.

The omission to name a child in a last will does not, of itself, prove that the testator was incapacitated, nor will such omission destroy its validity.

The fact that a testator had been insane some years prior to the execution of his last will, does not create a presumption that insanity was present at the time of the publication of it; especially, where it is shown that after a cure, no symptoms of a return of the malady were ever manifested.

THE plaintiff in error filed this bill, in the Kane Circuit Court, to set aside the will of Gilbert Benton, deceased, under the sixth section of the Statute of Wills. The opinion of the Court furnishes a statement of the case.

B. F. PARKS, for Plaintiffs in Error.

A. M. HERRINGTON, for Defendants in Error.

WALKER, J. The bill in this case alleges, that the testator was insane, or of such weak memory, as rendered him incapa-

ble of disposing of his property by a last will. The question of insanity, or mental weakness, was twice submitted to the determination of juries, the first of which was unable to agree, and the latter found the instrument to be the last will and testament of the deceased. A motion for a new trial was entered, and overruled by the court, and a decree rendered establishing the will. From the evidence of a large number of witnesses, it appears that Gilbert Benton was sane when he published his will. They say that his mind seemed to be clear, and that he manifested no lack of mental capacity. That they saw no evidence of mental derangement. The detailed account which they give, of what he said, previous to the draft of the will, in giving directions as to its provisions; his speaking of having designed to send for an attorney; his inquiry whether any particular form was required; whether Lee could not prepare it, and his satisfaction with the draft when prepared and submitted for his approval; all go to show, in the most satisfactory manner, that he had the use of his mental faculties, to their ordinary extent, and that he was sane at the time the will was executed. His acts were all consistent with each other, and show reason, that could not be manifested by an insane person. Lee and Scott, whose opportunities were, of all others, the best to know, have no hesitation in saying he was sane. Other witnesses, who were present during his illness, were equally certain of his sanity. And it must be remembered, that no witness testified, that in his opinion, the testator, during his sickness, was incapable of making a will. But it is urged, that his mother had been insane, and that he must therefore have been liable to hereditary insanity. If it were conceded, that persons thus situated are liable to become insane, it cannot be presumed against clear and satisfactory evidence to the contrary. Until the disease manifests its presence, we cannot infer its existence. A tendency to a hereditary disease by no means establishes that it exists, not only in the absence of proof, but against satisfactory evidence of its absence. Mere conjectures cannot be allowed to overcome satisfactory evidence.

It is again insisted, that the fact that he omitted to name Mrs. Blass in the will, is evidence of such a want of memory, as rendered the will inoperative and void. Whilst it is unnecessary to say what effect this fact might have had, in connection with other circumstances, it does not, when considered alone, prove the testator to have been incapable of remembering the natural objects of his affections. It has never been held, so far as we are aware, that the omission to name a child, in a will, will destroy its validity. In this will, the testator declares who shall be the recipients of his bounty, and a court has no right to say, that others not named, had such claims upon him, as to raise a presumption, that because they are omitted, his mind was so weak as to render him incapable of disposing of his estate.

It was likewise insisted upon the argument, that as the testator had been insane some ten or twelve years previous to the publication of this will, that it may be safely inferred that insanity was present until the presumption is rebutted. There is no evidence in this record, which shows, that after he was relieved from that attack, he ever manifested any symptoms of its return. The evidence shows that he became lucid, and continued so until the time of his death. The evidence fully warranted the finding of the jury, and we are unable to see how they could have done otherwise than they did. There was no error in the instructions given, and none is perceived in excluding evidence on the trial below. The court below, therefore, committed no error in overruling the motion for a new trial, or in rendering a decree establishing the will.

The decree is affirmed.

*Decree affirmed.*