## M. E. Trimble v. J. B. Borroughs.

### Decided February 7, 1906.

**1.—Change of Venue.**

In an action between conflicting claimants of the right to purchase a tract of school land from the State, a showing, in support of an application for change of venue, that there existed in the county so general a belief that the applicant was applying for its purchase in collusion with and to acquire the land for certain persons not parties to the suit, and so great a prejudice against such persons, that he could not obtain a fair trial, was sufficient, under the third subdivision of article 1271, Revised Statutes, to authorize the change of venue, a prejudice against the party's case or title being as effective as against him personally.

**2.—Same—Burden of Proof.**

The burden is on the applicant for a change of venue to prove the facts entitling him thereto.

**3.—Lease—Cancellation—Evidence—Charge.**

The question whether a lease of school land had been either formally or informally cancelled being one of fact for the jury, the court properly admitted a certificate of its cancellation by the Commissioner, though it was afterward reinstated by him, and instructed the jury as to the effect of its treatment by the Commissioner and lessees as no longer in force as constituting an informal cancellation.

**4.— Pleading—Description of Land—Date of Sale.**

The allegation, as a mere matter of description of the land claimed by plaintiff, of the date of a sale of it to him by the State, did not restrict his proof to rights acquired by such sale.

**5.—Name—Middle Initial.**

A certificate from the Treasurer as to the standing of a purchaser of school land was not rendered inadmissible by a mistake in the middle initial of the purchaser, where his identity sufficiently appeared.

**6.—Evidence—Archives—Copy of Letter.**

A copy of a letter from the chief clerk of the Land Office, relating to purchase of school land and preserved in such office, is an archive thereof, and a certified copy is admissible in proof of it (Rev. Stats., arts. 2306, 2308, 4218p).

**7.—Verdict—Itemizing Damages.**

Though plaintiff in trespass to try title claimed several distinct items of damages, a general verdict for $100 damages was sufficient where the charge did not direct them to itemize the damages.

**8.—School Land—Lease—Sale—Evidence.**

A lease of school land was admissible, though plaintiff did not claim under it, on the issue of the validity of defendant's claim as a purchaser to whom the Commissioner had awarded the land on the assumption that the lease was not in force, whether it had been cancelled being a question of fact upon the evidence.

**9.—Cancellation of Lease—Disclaimer by Lessee.**

The record of a suit in which the lessee of school land had disclaimed any interest therein was admissible on the issue as to informal cancellation of such lease by the Land Commissioner with assent of the lessee.

**10.—Evidence—Certified Copy—Treasurer's Office.**

A notice from the Land Commissioner to the Treasurer of the cancellation of a lease of school land is not such a record of the latter's office as can be

proved by a certified copy therefrom. The certificate should, it seems, come from the Land Office.

Appeal from the District Court of Coke County. Tried below before Hon. J. W. Timmins.

*Wright & Wynn, Brightman & Upton* and *E. Cartledge,* for appellant.—The undisputed evidence shows (a) that said lease had been canceled by A. J. Baker, Commissioner, on January 11, 1897, prior either to September 29, 1899, or September 18, 1901; (b) that said cancellation was by mistake, and void, in that said lease was not at that time in default or in arrears as to rent due; and (c) that on discovering the facts A. J. Baker, Commissioner, set aside said cancellation and reinstated said lease, therefore the court should have instructed the jury not to consider said cancellation by A. J. Baker, Commissioner, and to disregard same. Smith v. McClain, 74 S. W. Rep., 754; Anderson v. Terrell, 97 Texas, 74; Pruitt v. Schrivner, 77 S. W. Rep., 976; Trevey v. Lowrie, 78 S. W. Rep., 20; Caruthers v. Rogan, 96 Texas, 113; Stokes v. Riley, 68 S. W. Rep., 703; Trevey v. Lowrie, 14 Texas Ct. Rep., 75.

The appellee in his petition having alleged in effect that he had purchased the land in controversy from the State on September 29, 1899, should have been restricted in his proof to evidence tending to show such a sale on that date. Batts' Civ. Stats., art. 4218s; Tolleson v. Rogan, 96 Texas, 424; Reed v. Rogan, 94 Texas, 181; Acts Twenty-seventh Legislature, Reg. Sess., sec. 4, p. 295; Martin v. Terrell, 97 Texas, 122.

The court erred in admitting a certified copy from the Land Office of a letter of date September 18, 1901, to M. E. Gross, purporting to be written by Jno. J. Terrell, chief clerk, because the same was not the original, and because the signature to the same was not proved, and was not under the seal of the General Land Office, and because the same was a copy of a copy. Texas & P. Ry. Co. v. Lynch, 13 Texas Ct. Rep., 229; King v. Cisco Compress Co., 10 Texas Ct. Rep., 483; Thompson H. Elec. Co. v. Berg, 10 Texas Civ. App., 208; Texas M. & Imp. Co. v. Arkell, 29 S. W. Rep., 816.

The appellee having, in addition to his suit for the land in controversy, set up damages generally in the sum of $2,500, and having sued for the further sum of $500 for the tearing down, removal and conversion of fence consisting of posts and wire, by appellant, as well as for the reasonable rental value of said land, which is alleged to be 10 cents per acre per month, and evidence being adduced on the issues so made and joined, the general verdict of the jury assessing damages in the sum of $100 was not sufficient to base a final judgment thereon, in that all the issues are not determined, the verdict being vague, indefinite and uncertain. Beatty v. Bulger, 66 S. W. Rep., 895; Moore v. Moore, 67 Texas, 295; Dodd v. Gaines, 82 Texas, 429; Winder v. Weaver, 37 S. W. Rep., 376; Cook v. Greenberg, 34 S. W. Rep., 690.

*W. C. Merchant* and *Hill & Lee,* for appellee.—The question of collusion in purchase not being an issue that could arise, and F. L. and

R. H. Harris not being parties to the suit, prejudice against them could not constitute a ground for change of venue. Rev. Stats., art. 1271; Logan v. Curry, 95 Texas, 664; Dodson v. Bunton, 81 Texas, 655.

The certificate of formal cancellation of the lease having been made and filed among the papers, and notice thereof given the clerk of Coke County, was a public record relating to the lease, and as such, admissible in evidence. Whether the facts warranted such cancellation was a question of fact for the·jury, to be proved in rebuttal. Rev. Stats., art. 1361; District Court Rule 59; Stiff v. Stevens, 2 Texas Civ. App., 349; Bush v. Kellogg, 34 S. W. Rep., 1056; Hurd v. Texas Brewing Company, 21 Texas Civ. App., 299; Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 356.

Where the circumstances show that the Commissioner has treated a lease as terminated, and made a sale thereunder to another person and the lessee has made no objection thereto and paid no rentals, and the power existed in the Commissioner to declare a forfeiture for nonpayment of the rents, his act in making such sale will constitute an informal cancellation, and a sale of the land to one authorized to purchase and who has complied with the law will vest the title. Rev. Stats., art. 4218f; sec. 5, Acts 1901, p. 292; West v. Terrell, 96 Texas, 557; Davis v. Tiller, 74 S. W. Rep., 921; Jones v. Wright, 84 S. W. Rep., 1054; Hood v. Pursley, 87 S. W. Rep., 870; Wilson v. Smith, 82 S. W. Rep., 818; Hazlewood v. Rogan, 95 Texas, 295; Patterson v. Terrell, 96 Texas, 509; Steward v. Wagley, 68 S. W. Rep., 297; Harper v. Terrell, 96 Texas, 479; Nesting v. Terrell, 97 Texas, 18; Weckesser v. Lewis, 79 S. W. Rep., 355; Ford v. Brown, 75 S. W. Rep., 893.

The allegation as to the date of sale is descriptive of the land, and not the pleading of appellee's title. Edwards v. Smith, 71 Texas, 159; Burns v. Goff, 79 Texas, 238; Lasater v. Van Hook, 77 Texas, 655.

The record shows that the payments were made by J. B. Burroughs, and a clerical error in the middle initial is immaterial. McKay v. Speak, 8 Texas, 376; Goethal v. Reed, 81 S. W. Rep., 592.

The letter being a public record of the Land Office relating to the sale of the land, was admissible in evidence to show the action of that department in reference to the sale of said land. Rev. Stats., arts. 4218p, 2306, 2308; Stokes v. Riley, 68 S. W. Rep., 705; 1 Greenleaf Evidence, secs. 483, 484, 491, 496.

The jury were not required to itemize the damages in the absence of any charge to do so, and having returned a general verdict for plaintiff for the land and assessed his damages at $100, it was a disposition of all the issues in the case and the judgment rendered thereon is final and conclusive of all the issues litigated. Rev. Stats., art. 5273; Hendrick v. Cannon, 5 Texas, 250; Pearce v. Bell, 21 Texas, 690; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 17; Heiligman v. Rose, 81 Texas, 223; Bonner v. Green, 6 Texas ·Civ. App., 100; Garrett v. Robinson, 93 Texas, 413; Stroud v. Palmer, 66 Texas, 129; Kinkler v. Junica, 84 Texas, 116; Johnson v. Richardson, 52 Texas, 496.

The Commissioner of the Land Office having acted upon appellee's application to purchase, when the power existed in him to cancel said lease for nonpayment of the rents, and made a sale to him, he being qualified to purchase and having complied with the law, and appellant

not being a party to said lease nor making any claim thereunder, could not interpose said lease to defeat the title thus acquired by appellee. West v. Terrell, 96 Texas, 548; Jones v. Wright, 84 S. W. Rep., 1053; Hood v. Pursley, 87 S. W. Rep., 870.

If the lease was admissible in evidence, appellee had the right to show in rebuttal that said Harris, prior to the formal cancellation thereof, in a suit brought by appellee against him to recover the land, had disclaimed all title in said land, acquiescing in the sale to appellee, and that judgment had been entered thereon against him. Rev. Stats., art. 1297; Markham v. Carothers, 47 Texas, 27; Ayers v. Harris, 77 Texas, 120; San Antonio & A. P. Ry. Co. v. Robinson, 79 Texas, 609.

The notice being a record of the Treasurer's office, a certified copy thereof was admissible in evidence as such. Rev. Stats., arts. 2306-2308 and 4218u.

EIDSON, ASSOCIATE JUSTICE.—This action was brought in the court below by the appellee to recover from appellant a certain section of school land, situated in Coke County. Appellant in the court below presented a motion for a change of venue of this cause, based upon two grounds, as follows:

"1. There exists in this, Coke County, so great a prejudice against defendant that he can not obtain a fair and impartial trial.

"2. That the belief that in making the application for the purchase of the land in controversy from the State by the defendant he was acting in collusion with F. L. and R. H. Harris, for the purpose of acquiring said land for said Harrisses, is so general, and there exists in this, Coke County, so great a prejudice against F. L. and R. H. Harris that the defendant can not obtain a fair and impartial trial of this case in Coke County, Texas."

Appellee excepted to the second ground of appellant's said motion, for the reason that same was insufficient in law to constitute a basis for a change of venue; and further that the same is insufficient in law to permit defendant to urge the same as a ground for change of venue in this, that said F. L. and R. H. Harris are not parties to this suit, and no prejudice against them would authorize a change of venue; and because the question of collusion in the purchase of the land in controversy can not be litigated in this cause, and is not an issue therein.

The court below sustained said exceptions, and its action in this respect is made the basis of appellant's first assignment of error. The appellant's contention is that said count was authorized by the third subdivision of article 1271, Revised Statutes. That article is as follows:

"A change of venue may be granted in any civil cause upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any of the following causes:

"1. That there exists in the county where the suit is pending so great a prejudice against him that he can not obtain a fair and impartial trial.

"2. That there is a combination against him instigated by influential persons by reason of which he can not expect a fair and impartial trial.

"3. For other good and sufficient cause to be determined by the court. (Act April 7, 1874, p. 67, sec. 1; P. D. 5885a.)"

If it be true that there exists in Coke County such a general belief that appellant had sought to purchase the land in controversy for F. L. and R. H. Harris, and that there exists in said county so great a prejudice against them that appellant could not obtain a fair and impartial trial of this cause, then in our opinion such a condition exists as would entitle appellant to a change of venue. A belief among the qualified jurors of a county that a purchase of land, or the title to land in controversy in a suit, and under which a party to said suit claims said land, was obtained by him for persons against whom there is a great prejudice, would, in our opinion, constitute prejudice against the case of such party. And if such belief is of such a character and extent as to prevent such party from obtaining a fair and impartial trial of his case, it would constitute good and sufficient cause for a change of venue, and would come within the meaning of the third subdivision of article 1271, Revised Statutes, above quoted. A prejudice against the case of a party to a suit would be as effectual in preventing his getting a fair and impartial trial as a prejudice against him personally. The effect and injury to the party to the suit would be the same whether the jury had formed and entertained a prejudice against his case or character of title under which he claimed, or against him personally. We are of opinion that the court below erred in sustaining appellee's exceptions to the second count of appellant's motion for a change of venue, and in not permitting him to introduce evidence in support thereof.

We do not think the fact that collusion between appellant and F. L. and R. H. Harris in the purchase of the land in controversy could not be made an issue in the case affects the question, as it would be immaterial that such collusion would not defeat appellant's title, if the belief that such collusion existed and the prejudice against the said Harrisses were of such a nature and extent as to prevent appellant from obtaining a fair and impartial trial of the case. Indeed, the belief in such collusion, although the collusion did not in fact exist, might be sufficient if of the nature and extent to deprive appellant of a fair and impartial trial.

As the case will be reversed for the reasons above stated, it is unnecessary for us to discuss appellant's second assignment of error, except to say that on an application for a change of venue the burden is on the applicant to prove the facts entitling him to such change of venue. (Galveston, H. & S. A. Ry. Co. v. Bernard, 57 S. W. Rep., 686.)

Appellant's seventh, ninth and tenth assignments of error are overruled. It being a question of fact for the determination of the jury as to whether the lease to F. L. and R. H. Harris had been cancelled formally or informally, the certificate mentioned in the seventh assignment of error was admissible in evidence; and the charges referred to in the ninth and tenth assignments were properly given.

Appellant's eleventh assignment of error complains of the action of the court in refusing to give a peremptory instruction to the jury to find in his favor. This action of the court was not error, as there

was sufficient evidence to justify the submission of the case to the jury. The allegation as to the date of the sale of the land contained in appellee's petition was merely a matter of description of the land, and did not restrict appellee in his proof of title to that acquired under the sale at the date mentioned.

Appellant's fifth assignment of error is overruled. The mistake in the middle initial of appellee contained in the Treasurer's certificate was immaterial, especially in view of the evidence in the record showing that J. B. Burroughs, and not J. W. Burroughs, made the applications for purchase and the obligations thereunder and payments in accordance therewith.

There was no error in the admission of the copy of the letter mentioned in appellant's sixth assignment of error. It appears to be a certified copy of a record or archive of the General Land Office. (Arts. 4218p, 2306, 2308, Rev. Stats.; Stokes v. Riley, 68 S. W. Rep., 705.)

Appellant's seventeenth and eighteenth assignments of error are overruled. The verdict of the jury, in view of the pleadings, was sufficient, especially in the absence of a charge requiring them to itemize the damages found. (Heiligman v. Rose, 81 Texas, 222; Bonner v. Green, 6 Texas Civ. App., 100.)

For the reasons already stated, appellant's nineteenth assignment of error is overruled. In view of what has already been stated, it is not necessary for us to consider appellant's sixteenth assignment of error.

Appellee's first cross assignment of error is overruled. In our opinion, the lease mentioned in this assignment was admissible in evidence, to be considered by the jury in connection with all the other evidence adduced on the issue as to whether said lease was in force at the date of the award of the land to appellee, or had been cancelled. (West v. Terrell, 96 Texas, 548.)

We are of opinion that the court below erred in not admitting in evidence the proceedings had in cause No. 326, in the District Court of Coke County, entitled J. B. Burroughs v. F. L. Harris et al., as stated in appellee's second cross assignment of error. And also the proceedings in cause No. 329, entitled J. B. Burroughs v. M. E. Trimble, in the District Court of Coke County, and the deed and testimony of the witnesses, as stated in appellee's third cross assignment of error. This testimony was material and admissible in connection with other testimony upon the issue as to whether there had been an informal cancellation of the lease at the time the land in controversy was awarded to appellee.

Appellee's fourth cross assignment of error complains of the action of the court below in refusing to admit in evidence the certified copy of the notice from the Commissioner of the Land Office to the State Treasurer of the cancellation of lease No. 11252. It appears from the record that the court below excluded this instrument upon objections by appellant that it was a certified copy from the State Treasurer's office, and not the original, and the signature thereto had not been passed upon. We do not think this letter such a document as, under the law, when filed in the office of the Treasurer became a record of that office. In the absence of some statutory provision to that effect, correspondence between the Commissioner of the General Land Office and

the·State Treasurer would not be a record of the office of the latter. No such statutory provision has been cited, and we have been unable to find any. In our opinion, the copy of such letter retained by the Commissioner of the General Land Office in his office would be a record of that office, and appellee could procure from the Commissioner of the General Land Office a certified copy of same, which, in our opinion, would be competent evidence. (Art. 4218u, Rev. Stats., 4218v. Id., and 4218p, Id.)

For the error pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*